1

2

3

4

5

6

7

8                      IN THE UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10   ALEZANDER DELGADO,

11              Plaintiff,                    No.  12-cv–0559 MCE KJN P

12        vs.

13   OFFICER WEEKS, et al.,

14              Defendants.              <u>ORDER</u>

15   _____/

16          Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action

17   pursuant to 42 U.S.C. § 1983.  On September 25, 2012, defendants filed a motion to dismiss for

18   failure to exhaust administrative remedies.  Plaintiff has not opposed the motion.

19          Defendants' motion contains notice to plaintiff of his obligation in opposing a

20   motion to dismiss for failure to exhaust administrative remedies pursuant to <u>Woods v. Carey</u>, 684

21   F.3d 934 (9th Cir. 2012) and <u>Wyatt v. Terhune</u>, 315 F.3d 1108 (9th Cir. 2003.)  The Ninth

22   Circuit has recently clarified the notice required.  <u>See</u> <u>Stratton v. Buck</u>, 2012 WL 4094937 (9th

23   Cir. Sept. 19, 2012).  Pursuant to <u>Stratton</u>, plaintiff is given the following additional notice of his

24   obligation in opposition defendants' motion.

25          This notice is provided to ensure that you, a pro se prisoner plaintiff, "have fair,

26   timely and adequate notice of what is required" to oppose a motion to dismiss for failure to

                                                1

1  exhaust administrative remedies.  See Woods v. Carey, 684 F.3d 934 (9th Cir. 2012); Wyatt v.

2  Terhune, 315 F.3d 1108, 1115, 1120 n.15 (9th Cir. 2003).  The court requires that you be

3  provided with this notice regarding the requirements for opposing a motion to dismiss for failure

4  to exhaust administrative remedies.

5          When a defendant moves to dismiss some or all of your claims for failure to

6  exhaust administrative remedies, the defendant is requesting that the court dismiss claims for

7  which you did not exhaust available administrative remedies.  A "motion to dismiss for failure to

8  exhaust administrative remedies is similar to a motion for a summary judgment in that the district

9  court will consider materials beyond the pleadings."  Stratton v. Buck, 2012 WL 4094937, at *3

10  (9th Cir. Sept. 19, 2012).  The defendant may submit affidavits or declarations under penalty of

11  perjury and admissible documents in support of the motion.

12          To oppose the motion, you must submit proof of specific facts regarding the

13  exhaustion of administrative remedies. To do this, you may refer to specific statements made in

14  your complaint if you signed your complaint under penalty of perjury and if your complaint

15  shows that you have personal knowledge of the matters stated.  You may also submit declarations

16  setting forth facts regarding exhaustion of your claims, as long as the person who signs the

17  declaration has personal knowledge of the facts stated.  You may also submit all or part of

18  deposition transcripts, answers to interrogatories, admissions, and other authenticated documents.

19  If you fail to contradict the defendant's evidence with your own evidence, the court may accept

20  the defendant's evidence as the truth and grant the motion.  If you do not respond to the motion,

21  the court may consider your failure to act as a waiver of your opposition.  See L.R. 230(l).

22          If the court grants the defendant's motion, whether opposed or unopposed, your

23  unexhausted claims will be dismissed.  If all of your claims are unexhausted, your entire case will

24  be over.  If, however, you exhaust administrative remedies for your claims at a later date, you

25  may raise those claims in a new action.

26  ////

1    Accordingly, IT IS HEREBY ORDERED that plaintiff is granted twenty-one days

2 to file an opposition to defendants' motion to dismiss; failure to file an opposition will be

3 deemed a waiver of opposition and result in dismissal of this action.

4 DATED:  October 30, 2012

5

6                                    _____

7                                    KENDALL J. NEWMAN
                                     UNITED STATES MAGISTRATE JUDGE

8 del559.osc

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26