IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALEZANDER DELGADO,

        Plaintiff,                    No. 2: 12-cv-0559 MCE KJN P

    vs.

OFFICER WEEKS, et al.,

        Defendants.              FINDINGS & RECOMMENDATIONS

                              /

I. <u>Introduction</u>

        Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding on the original complaint filed March 2, 2012, as to defendants Hubbard and Vegas.  Defendant Hubbard has not yet been served.

        Pending before the court is defendant Vegas's motion to dismiss for failure to exhaust administrative remedies.  For the following reasons, defendant's motion should be granted.

II. <u>Legal Standard for Administrative Exhaustion</u>

        The Prison Litigation Reform Act of 1995 ("PLRA") amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional

1

facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion in prisoner cases covered by § 1997e(a) is mandatory. Porter v. Nussle, 534 U.S. 516, 524 (2002). Exhaustion is a prerequisite for all prisoner suits regarding conditions of confinement, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. Porter, 534 U.S. at 532.

Exhaustion of all "available" remedies is mandatory; those remedies need not meet federal standards, nor must they be "plain, speedy and effective." Id. at 524; Booth v. Churner, 532 U.S. 731, 740 n.5 (2001). Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit. Booth, 532 U.S. at 741. A prisoner "seeking only money damages must complete a prison administrative process that could provide some sort of relief on the complaint stated, but no money." Id. at 734. The fact that the administrative procedure cannot result in the particular form of relief requested by the prisoner does not excuse exhaustion because some sort of relief or responsive action may result from the grievance. See Booth, 532 U.S. at 737; see also Porter, 534 U.S. at 525 (purposes of exhaustion requirement include allowing prison to take responsive action, filtering out frivolous cases, and creating administrative records).

However, a prisoner need not exhaust further levels of review once he has either received all the remedies that are "available" at an intermediate level of review, or has been reliably informed by an administrator that no more remedies are available. Brown v. Valoff, 422 F.3d 926, 934-35 (9th Cir. 2005). Because there can be no absence of exhaustion unless some relief remains available, a movant claiming lack of exhaustion must demonstrate that pertinent relief remained available, whether at unexhausted levels or through awaiting the results of the relief already granted as a result of that process. Brown, 422 F.3d at 936-37.

As noted above, the PLRA requires proper exhaustion of administrative remedies. Woodford v. Ngo, 548 U.S. 81, 83-84 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can

function effectively without imposing some orderly structure on the course of its proceedings." Id. at 90-91.  Thus, compliance with prison grievance procedures is required by the PLRA to properly exhaust.  Id.  The PLRA's exhaustion requirement cannot be satisfied "by filing an untimely or otherwise procedurally defective administrative grievance or appeal."  Id. at 83-84.

        The State of California provides its prisoners the right to appeal administratively "any departmental decision, action, condition or policy which they can demonstrate as having an adverse effect upon their welfare."  Cal. Code Regs. tit. 15, § 3084.1(a) (2010).  It also provides them the right to file appeals alleging misconduct by correctional officers and officials.  Id. at § 3084.1(e).  In order to exhaust available administrative remedies within this system, a prisoner must proceed through several levels of appeal: (1) informal resolution, (2) formal written appeal on a 602 inmate appeal form, (3) second level appeal to the institution head or designee, and (4) third level appeal to the Director of the California Department of Corrections and Rehabilitation.  Barry v. Ratelle, 985 F.Supp. 1235, 1237 (S.D. Cal. 1997) (citing Cal.Code Regs. tit. 15, § 3084.5).  A final decision from the Director's level of review satisfies the exhaustion requirement under § 1997e(a).  Id. at 1237-38.

        Non-exhaustion under § 1997e(a) is an affirmative defense which should be brought by defendants in an unenumerated motion to dismiss under Federal Rule of Civil Procedure 12(b).  Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003).  Moreover, the court may look beyond the pleadings to determine whether a plaintiff exhausted his administrative remedies.  Id. at 1119-20.

        Although exhaustion is mandatory, an inmate must only exhaust administrative remedies "as are available."  42 U.S.C. § 1997e(a).  Under the Ninth Circuit law, exhaustion is excused when improper screening of grievances occurs.  Sapp v. Kimbrell, 623 F.3d 813, 822 (9th Cir. 2010) (citing Nunez v. Duncan, 591 F.3d 1217, 1226 (9th Cir. 2010)).  Sapp establishes that "improper screening of an inmate's administrative grievances renders administrative remedies 'effectively unavailable' such that exhaustion is not required under [§ 1997e(a)]."  Id.

at 823.  If prison officials screen out an inmate's grievances or appeals for improper reasons, the inmate cannot pursue the necessary administrative process, and, consequently, his administrative remedies become "unavailable."  Id.

III.  Discussion

Plaintiff alleges that defendants forced him to perform oral sex on them on or around June 8, 2011.  (ECF No. 1 at 5.)  Plaintiff alleges that later that day, he handed Sergeant Weaver a 602 grievance addressing this claim, but Sergeant Weaver ripped it up stating, "this is not the time for bull-shit."  (Id.)

Defendant argues that plaintiff failed to exhaust administrative remedies as to his claim that he was sexually assaulted.  Defendant states that between June 8, 2011, and March 2, 2012, plaintiff submitted three non-medical appeals that were accepted for formal review.  (ECF No. 18-3 at 2.)  None of those appeals alleged that defendants sexually assaulted plaintiff.  (Id., exhibits A, B, and C.)  One of these appeals, No. HDSP 11-0989, alleged that defendants confiscated his electrical appliances.  (ECF No. 18-8.)  Plaintiff signed the first level appeal regarding the alleged confiscation of his electrical appliances on June 12, 2011.  (Id. at 2.)

In his opposition, plaintiff reasserts the claim made in his complaint that Sergeant Weaver ripped up his 602 alleging that defendants forced him to perform oral sex.  (ECF No. 25 at 7.)  Plaintiff alleges that he managed to send appeal no. 11-0989 to another housing unit for processing.  (Id. at 6.)  Plaintiff alleges that administrative appeals he filed on October 10, 2011, and November 10, 2011, apparently unrelated to the claims raised in the instant action, were improperly screened out.  (Id. at 9.)  Plaintiff alleges that on December 2, 2011, he submitted several grievances related to the alleged sexual assault with negative results.  (Id. at 10.)

In the reply to plaintiff's opposition, defendant states that plaintiff makes three arguments in his opposition to defendant's motion:  1) he actually exhausted his administrative remedies; 2) he should be excused from exhaustion because one or more of his unrelated grievances was improperly screened out; and 3) he should be excused from exhaustion because

Sergeant Weaver ripped up one of his inmate appeals. The undersigned addresses these arguments herein.

To the extent plaintiff argues in his opposition that he exhausted his administrative remedies regarding his sexual assault claim, the undersigned agrees with defendant that plaintiff has presented no evidence of actual exhaustion to the third level of review.

With regard to plaintiff's argument that he should be excused from exhausting his administrative remedies because one or more of his unrelated grievances was improperly screened out, the undersigned agrees with defendant that such a circumstance would not excuse exhaustion of the at-issue claim. In essence, plaintiff is arguing that he should be excused from exhausting his administrative remedies because it would be futile to do so as his other grievances were mishandled. As noted above, defendant has presented evidence that between June 8, 2011, and March 2, 2011, plaintiff submitted three non-medical appeals that were accepted for formal review. These circumstances undermine plaintiff's claim that he should be excused from administrative exhaustion because of alleged mishandling of other, unrelated grievances. Moreover, there is no futility exception to the exhaustion requirement. See Booth, 532 U.S. at 741 n. 6 ("[W]e stress the point ... that we will not read futility or other exceptions into statutory exhaustion requirements where Congress has not otherwise provided.")

In his opposition, plaintiff also alleges that on December 2, 2011, he submitted several grievances related to the alleged assault with "negative results." Other than this conclusory assertion, this claim is not supported by evidence or specific detail. These bare assertions of an inability to exhaust administrative remedies are insufficient. Buckley v. Ritola, 2013 WL 2150034, at *5 (E.D.Cal. 2013).

Finally, plaintiff alleges that he could not exhaust administrative remedies because Sergeant Weaver ripped up his grievance containing his claim that defendants forced him to perform oral sex. In particular, in the complaint plaintiff alleges that during mealtime on or

1  about June 8, 2011, he stepped out of line and handed Sergeant Weaver his grievance. (ECF No.
2  1 at 5.) This grievance alleged that defendants strip-searched plaintiff, deprived him of law
3  library access and forced plaintiff to perform oral sex. (Id.) Plaintiff alleges that Sergeant
4  Weaver ripped the grievance up and stated, "This is not the time for bull-shit." (Id.) Plaintiff
5  then returned to his cell and prepared another grievance complaining that defendants had wrongly
6  taken five of his electrical appliances. (Id. at 4.) Plaintiff managed to get this grievance to
7  another housing unit. (Id.) This grievance was exhausted to the Director's Level of Review. (Id.
8  at 6-7.)

9        In the reply to plaintiff's opposition, defendant disputes plaintiff's claim regarding
10 Sergeant Weaver. In a declaration attached to the reply, Sergeant Weaver denies plaintiff's
11 claims. (ECF No. 26-1 at 1-2.) Sergeant Weaver states that he never ripped up, or otherwise
12 destroyed, any of plaintiff's appeals or CDC 602 forms. (Id.)

13       On May 10, 2013, the court ordered plaintiff to file further briefing in connection
14 with his claim that he could not exhaust administrative remedies after Sergeant Weaver ripped up
15 his grievance. The court directed plaintiff to address why he did not include his claims regarding
16 defendants' alleged sexual assault in the grievance he filed in the different housing unit
17 concerning defendants' alleged confiscation of his electrical appliances. The court also directed
18 plaintiff to address why he did not file a new and separate grievance regarding his sexual assault
19 claim in a different housing unit after Sergeant Weaver allegedly ripped up his original
20 grievance.

21       On June 13, 2013, plaintiff filed a response to the May 10, 2013 order. This
22 response does not address the issues that plaintiff was directed to address in the May 10, 2013
23 order. In his response, plaintiff again alleges that Sergeant Weaver ripped up the grievance
24 concerning the alleged sexual assault. (ECF No. 30 at 4.) Plaintiff alleges that he then returned
25 to his cell and wrote a letter to the Office of Internal Affairs, which he then passed to the inmate
26 in the next cell to mail for him. (Id. at 5.) Plaintiff alleges that he tried to submit appeals to the

Appeals Office "but there were constant frustrations/rejections/loss of papers and appeals being lost..." (Id.) Plaintiff alleges that on July 21, 2011, he was placed in a holding cell by Sergeant Weaver for 3½ hours then taken to administrative segregation. (Id. at 6.) Plaintiff alleges that efforts to file grievances, apparently regarding his placement in administrative segregation, were unsuccessful. (Id.) Plaintiff alleges that he continued to be harassed by prison staff. (Id. at 7.)

Plaintiff claim in his further briefing that he tried to submit other appeals regarding the sexual assault is vague and conclusory. While plaintiff alleges that there were "constant frustrations/rejections/loss of paperwork," he provides no specific allegations to support this claim. These bare assertions are insufficient. Buckley v. Ritola, 2013 WL 2150034, at *5 (E.D.Cal. 2013). Plaintiff's suggestion that he felt too intimidated to pursue an administrative grievance regarding the alleged sexual assault following his placement in administrative segregation and the alleged harassment by prison staff is undermined by his ability and willingness to pursue the administrative grievance against defendants regarding their alleged confiscation of his property.

As discussed above, exhaustion of all "available" administrative remedies is mandatory. Porter, 534 U.S. at 532. As the Ninth Circuit has repeatedly reiterated, the PLRA does not require exhaustion when circumstances render administrative remedies "effectively unavailable." Sapp v. Kimbrell, 623 F.3d 813, 822 (9th Cir. 2010). If employees of a facility prevent the filing of a grievance, the exhaustion requirement may be "unavailable" and defendants estopped from raising non-exhaustion as an affirmative defense. See Jernigan v. Stuchell, 304 F.3d 1030, 1032 (10th Cir. 2002).

The undersigned acknowledges that under different circumstances, the destruction of a grievance by a prison official would render administrative remedies unavailable. However, under the unique circumstances of the instant action, Sergeant Weaver's alleged destruction of plaintiff's grievance did not render administrative remedies unavailable. Plaintiff's willingness and ability to pursue a grievance against defendants regarding another matter just days after

Sergeant Weaver allegedly destroyed the grievance regarding the alleged sexual assault indicates that administrative remedies were still available. Despite having been granted an opportunity to do so, plaintiff has failed to explain why he did not pursue another administrative grievance regarding the alleged sexual assault when he filed the grievance regarding the confiscation of his electrical appliances. The circumstances of this case demonstrate that plaintiff failed to exhaust all available administrative remedies.

Accordingly, IT IS HEREBY RECOMMENDED that defendant's motion to dismiss (ECF No. 18) be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 26, 2013

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

del559.mtd