UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEZANDER DELGADO, | No. 2: 12-cv-0559 MCE KJN P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| OFFICER WEEKS, et al., | |
| Defendants. | |

    Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. On August 5, 2013, the court granted the motion to dismiss for failure to exhaust administrative remedies filed on behalf of defendant Vegas. (ECF No. 34.)

    Defendant Hubbard is the only remaining defendant. On September 13, 2012, service as to defendant Hubbard was returned unexecuted on grounds that he was no longer employed at High Desert State Prison ("HDSP"). (ECF No. 16.) On September 25, 2012, plaintiff was granted sixty days to provide further information for service of defendant Hubbard. (ECF No. 17.) On November 1, 2012, plaintiff filed a letter with the court stating that the California Department of Corrections and Rehabilitation ("CDCR") denied his request for defendant Hubbard's address. (ECF No. 20.) Plaintiff requested that the court intervene and assist him in obtaining defendant Hubbard's address. (Id.)

Plaintiff's claims against defendants Hubbard and Vegas are the same.  Plaintiff alleges that defendants forced him to perform oral sex on them on or around June 8, 2011.  (ECF No. 1 at 5.)  For the following reasons, the undersigned recommends that defendant Hubbard be dismissed on grounds that plaintiff has failed to exhaust his administrative remedies as to his claims against this defendant.

On September 25, 2012, defendants filed the motion to dismiss for failure to exhaust administrative remedies on defendant Vegas's behalf.  (ECF No. 18.)  Defendants demonstrated that between June 8, 2011, and March 2, 2012, i.e., the relevant time period, plaintiff submitted three non-medical administrative appeals that were accepted for formal review.  (ECF No. 18-3 at 2.)  None of those appeals alleged that defendants sexually assaulted plaintiff.  (Id., exhibits A, B. and C.)

On June 27, 2013, the undersigned recommended that defendant Vegas's motion to dismiss be granted.  (ECF No. 31.)  On August 5, 2013, the Honorable Morrison C. England adopted the June 27, 2013 findings and recommendations.  (ECF No. 34.)

The reasons the undersigned recommended granting defendant Vegas's motion to dismiss are equally applicable to the claims against defendant Hubbard.  Taking judicial notice of these findings and recommendations (ECF No. 31), the undersigned recommends that defendant Hubbard be dismissed on grounds that plaintiff failed to exhaust his administrative remedies as to his claims against this defendant.  Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n.1 (N.D. Cal. 1978), aff'd, 645 F.2d 699 (9th Cir.), cert. denied, 454 U.S. 1126 (1981)) (judicial notice may be taken of court records).

Accordingly, IT IS HEREBY RECOMMENDED that defendant Hubbard be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The

parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  August 15, 2013

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Del559.57