UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALEZANDER DELGADO,

Plaintiff,

v.

OFFICER WEEKS, et al.,

Defendants.

No. 2:12-cv-0559 MCE KJN P

ORDER

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. On August 15, 2013, the undersigned recommended that defendant Hubbard be dismissed. (ECF No. 35.) On August 30, 2013, plaintiff filed objections to the findings and recommendations. (ECF No. 36.) In his objections, plaintiff alleged that he was housed in administrative segregation ("ad seg"). (Id. at 1.) Plaintiff alleged that no one in ad seg received law library access. (Id. at 2. ) Plaintiff alleged that without access to the law library and his legal property, he could not respond to the findings and recommendations. (Id.)

On October 21, 2013, the undersigned granted plaintiff thirty days to file objections to the August 15, 2013 findings and recommendations. (ECF No. 37.) If plaintiff was unable to prepare his objections due to inadequate law library access and/or inadequate access to his legal property, he was directed to file a declaration addressing these matters. (Id.)

////

On November 22, 2013, plaintiff filed a declaration alleging inadequate access to the law library and his legal materials. For the following reasons, the undersigned finds that plaintiff's claim of inadequate access to the law library and to his legal materials is not well supported. Accordingly, plaintiff is granted thirty days to file objections addressing the merits of the August 15, 2013 findings and recommendations. No further extensions of time will be granted.

Access to Legal Property

Regarding access to his legal property, in his November 22, 2013 declaration, plaintiff states that since he was placed in ad seg on April 17, 2013, he has not been able to account for all of his personal property and legal work. (ECF No. 38 at 1.) Attached to plaintiff's declaration is a form signed by plaintiff on April 18, 2013 alleging that he was not been provided with an inventory of his personal property after being placed in ad seg. (Id. at 4.) Also attached as an exhibit is a form listing all of plaintiff's property that was allowed in ad seg. (Id. at 5.) Plaintiff alleges that property issued to him on May 11, 2013 is circled on the form. (Id. at 5.) The form identifies three boxes of legal property, but they are not circled. (Id.) Also attached is a form signed by plaintiff on May 13, 2013 requesting a copy of his property card. (Id. at 6.) In this form, plaintiff states that staff failed to inventory all of his appliances and food items. (Id.)

Attached as an exhibit to plaintiff's declaration is a form signed by plaintiff on June 18, 2013, alleging that he had not yet received a property receipt of the property he possessed when he was placed in ad seg. (Id. at 9.) Plaintiff requested that all of his personal property be inventoried. (Id.)

Also attached is a form signed by plaintiff on September 18, 2013, requesting that his personal property be inventoried. (Id. at 25.) In this form, plaintiff states that he wants his staff complaints on Correctional Officers Franklin, Vegas and C. Snyder. (Id. at 27.) Plaintiff states that he has yet to confirm whether he still possesses transcripts from his criminal case, his dictionary, appliances, shoes, watch, cosmetics, food items and numerous personal property. (Id.)

Also attached is a form signed by plaintiff on November 12, 2013, stating that he does not know what personal property or legal work are boxed in the two boxes of property turned in by Correctional Officers Weeks and Jones on April 17, 2013. (Id. at 23.) Plaintiff alleges that he

needs to search his property in order to respond to current court orders. (Id.)

The forms above indicate that plaintiff was primarily concerned with his access to his personal property following his placement in ad seg. The only form containing a request for access to legal property in order to respond to "court orders" is dated November 12, 2013. In other words, plaintiff's exhibits indicate that plaintiff did not show an active interest in his inventoried legal property relating to the instant action until the court issued the October 21, 2013 order for further briefing.

The undersigned observes that on May 10, 2013, the court ordered plaintiff to file further briefing in support of his opposition to defendant Vegas's motion to dismiss. (ECF No. 27.) Plaintiff filed his further briefing on June 13. (ECF No. 30.) On July 17, 2013, plaintiff filed objections to the June 27, 2013 findings and recommendations recommending that defendant Vegas's motion to dismiss be granted. (ECF No. 33.) Plaintiff did not claim that he could not file this briefing due to inadequate access to legal materials.

Plaintiff was able to file the further briefing and objections discussed above despite allegedly not having access to his legal materials regarding this action. Plaintiff's exhibits attached to his November 22, 2013 declaration indicate that plaintiff did not request access to his legal materials regarding the instant action until November 12, 2013. For these reasons, the undersigned finds that plaintiff's claim that he could not file objections addressing the merits of the August 15, 2013 findings and recommendations because he did not have access to his legal materials is not well supported. Moreover, plaintiff has presented no evidence that he is currently being denied access to his legal property.

*Access to Law Library*

In his November 22, 2013 declaration, plaintiff states that he has been requesting physical access to the library practically every week but has no physical receipts of these requests which he alleges were made by way of a CDC-GA-22 form "leaving no physical receipts." (ECF No. 38 at 2.) Plaintiff alleges that he signed the library log on four occasions: 1) when issued a copy of title 15 on or about September 17, 2013; 2) when he was given three cases for his state writ on September 24, 2013; 3) when he had physical access to the law library in a cage on October 7,

2013; and 4) on November 13, 2013 when he was granted physical access to the law library but not provided with any cases or legal books. (Id.)

Referring to his Exhibit H, plaintiff alleges that on September 26, 2013, he filed a grievance regarding inadequate law library access for inmates in ad seg. (Id. at 3.) Plaintiff's Exhibit H is a document handwritten by plaintiff dated October 2, 2013 titled "I/M Appeal route slip." (Id. at 20.) This document does not mention law library access. Plaintiff has provided a form dated November 6, 2013 in which he requested law library access. (Id. at 22.)

The undersigned observes that four of plaintiff's requests for his property attached as exhibits to his declaration are made on CDC 22 forms. (See April 18, 2013 request (id. at 4); May 13, 2013 request (id. at 6); June 18, 2013 request (id. at 9); November 12, 2013 request (id. at 23). Plaintiff's November 6, 2013 request for law library access was also made on a CDC 22 form. (Id. at 22.) Plaintiff's claim that he does not have physical copies of his CDC 22 forms requesting weekly law library access is puzzling in light of his ability to provide four CDC 22 forms requesting access to legal property and one requesting access to the law library

Plaintiff's claim of inadequate law library access is not well supported. Plaintiff has failed to provide any documentation to support this claim. While plaintiff claims that he submitted "weekly requests," for which he has no supporting documents, he does not identify to whom he made the requests or discuss how they were responded to. Plaintiff's only exhibit requesting law library access is dated November 6, 2013, which is after the court ordered further briefing in this case. The undersigned also observes that plaintiff made no claim of inadequate law library access in connection with his preparation of his further briefing and objections filed in connection with defendant Vegas's motion to dismiss.

For the reasons discussed above, the undersigned finds that plaintiff's claim of inadequate access to legal materials and the law library is without merit.

////

////

////

////

Accordingly, IT IS HEREBY ORDERED that plaintiff is granted thirty days to file objections addressing the merits of the August 15, 2013 findings and recommendations; no further extensions of time will be granted.

Dated: December 3, 2013

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

del559.fb(2)